IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CT-3147-M

| | |
|---|---|
| JEFFREY TODD WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MR. WHITEHURST, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on Plaintiff's motion for inspection, [DE-36], request to subpoena witnesses, [DE-41, 45], and request for address information, [DE-44]. Defendants responded in opposition to the motions, [DE-46, -47], and the court referred the motions to the undersigned for disposition and for entry of a new scheduling order if necessary, [DE-48]. Plaintiff, thereafter, filed impermissible replies in support of his motions.[1] [DE-49, -50]. For the reasons that follow, Plaintiff's motions are denied.

Plaintiff filed an amended complaint alleging claims for Eight and Fourteenth Amendment violations against Administrator Whitehurst and Deputy Administrator Freeman at Bertie-Martin Regional Jail. Plaintiff alleges that during a period of time between December 2016, 2017, and 2018, Freeman denied Plaintiff recreation privileges while he was in detention at the jail, and he was housed with another offender 24 hours a day, seven days a week in a one-bed cell, forcing one offender to sleep on the floor. Plaintiff alleges he was subjected to cruel and unusual punishment, Defendants ignored a substantial risk that his mental health would worsen due to excessive

---

[1] "Replies are not permitted in discovery disputes." Local Civ. R. 7.1(g)(2) (citing Local Civ. R. 26.1(d)).

isolation, and Plaintiff has been diagnosed with several mental impairments for which he continues to receive treatment due to the emotional and mental distress caused by Defendants. [DE-16, -18].

1. **Plaintiff's Motion for Inspection**

Plaintiff is currently an inmate in the custody of the State of North Carolina housed at Central Prison in Raleigh, North Carolina. He requests permission to inspect the exercise yards, isolation cells, housing blocks, suicide cells, visitation cells or rooms, offices, and other related inspections at Bertie-Martin Regional Jail. [DE-36]. Plaintiff generally contends the inspection will be beneficial to his case and helpful in court. *Id.*

A party may serve a request for inspection under Fed. R. Civ. P. 34(a)(2). However, the request must be within the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff's claims are that he was denied recreation time and was confined to a cell with another offender but only one bed. Plaintiff's request for inspection is not proportional to the needs of the case. Transporting Plaintiff to Bertie-Martin to conduct an inspection would create a serious safety risk where Plaintiff is currently serving a life sentence for first degree murder at

Central Prison and has incurred multiple infractions, including most recently setting a fire and assaulting staff with a weapon. *See* N.C. Dpt. Of Public Safety Offender Public Info., *https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1112966&searchLastName=Ward&searchFirstName=Jeffery&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1*. The burden associated with allowing the inspection outweighs its likely benefit. Accordingly, the proposed inspection outside the scope of discovery and is denied.

## 2. Plaintiff's Requests for Subpoenas and Address Information

Plaintiff requests subpoenas for three witnesses to be present in court to provide factual testimony. [DE-41, -45]. Plaintiff also requests address information for six witnesses so they can be subpoenaed to appear in court. [DE-44]. There is no hearing or trial date at which witnesses could appear currently set in this case. Accordingly, the motions are denied without prejudice.

## 3. Plaintiff's Discovery Requests

Plaintiff impermissibly filed several sets of discovery requests with the court. [DE-36] at 2–5; [DE-37]; [DE-40]. Under the court's Local Civil Rules, discovery requests are not generally filed with the court unless so ordered or for use in support of a motion or other aspect of the proceeding, but rather "must be served on other counsel or parties entitled to service of papers filed with the clerk." Local Civ. R. 26.1(a). Defendants lodged various objections to some of these discovery requests with the court and indicated they would respond to other requests. [DE-47] at 2–4. There is no discovery dispute before the court on a proper motion, and the parties are reminded that the Federal Rules and Local Rules require a good faith effort to resolve discovery disputes prior to the filing of any discovery motions. Fed. R. Civ. P. 37(a)(1); Local Civ. R. 7.1(c)(2). The court has previously applied the good-faith-effort requirement to cases litigated by *pro se* inmates. *See e.g.*, *Cassell v. Monroe*, 5:10-CT-3023-BO, 2010 WL 5125339, at *2

3

(E.D.N.C. Dec. 7, 2010) (denying motions to compel that failed to comply with Local Civil Rule 7.1 certification requirement); *see also Lloyd v. New Hanover Reg'l Med. Ctr.*, No. 7:06-CV-130-D, 2009 WL 674394, at *1 (E.D.N.C. Mar. 11, 2009) (holding the meet and confer requirement is not merely technical and promotes the orderly resolution of discovery disputes).

It appears that discovery is not complete. Accordingly, the parties shall complete discovery in this matter by no later than **December 17, 2021**, and all motions, except those relating to the admissibility of evidence at trial, shall be filed no later than **January 18, 2022**.

SO ORDERED, this the 16th day of November, 2021.

Robert B. Jones, Jr.
United States Magistrate Judge